FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2013 DEC 19 P 3: 38

CLERK'S OFFICE
AT BALTIMORE

BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ADAM BURK SCOTT #333455 :

    Petitioner :

v. : CIVIL ACTION NO. JKB-13-2002

KATHLEEN GREEN, et al., :

    Respondents :

## MEMORANDUM

On July 10, 2013,[1] the Clerk received petitioner Adam Burk Scott's 28 U.S.C. § 2254 habeas corpus petition attacking his 2006 Maryland judgment of conviction for felony theft and related offenses.[2] ECF No. 1. Respondents filed an answer which solely addresses the timeliness of the petition. ECF No. 6. Petitioner was advised of his opportunity to file a reply (ECF Nos. 7 and 9), and has done so. ECF Nos. 8 and 10. The court finds no need for an evidentiary hearing, *see* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*; *see also* 28 U.S.C. § 2254(e)(2), and for reasons set forth herein shall dismiss the petition as time-barred and decline to issue a certificate of appealability.

Procedural History

On January 25, 2006, a jury sitting in the Circuit Court for Harford County convicted petitioner of seven counts in an eight-count indictment, including felony theft, conspiracy, assault, eluding, and weapons charges. ECF No. 6, Ex. 1, p. 12. On February 8, 2006, the court

---

[1] The petition is dated July 7, 2013, and is deemed filed on that date. *See Houston v. Lack*, 487 U.S. 266 (1988); *United States. v. Dorsey*, 988 F.Supp. 917, 919-20 (D. Md. 1998).

[2] The grounds raised include ineffective assistance of trial and post-conviction counsel, abuse of discretion and error on the part of the trial court, sufficiency of the evidence, and a violation of petitioner's right to a speedy trial. ECF No. 1, Attachment 1.

imposed a combined sentence of sixty-one years' imprisonment with all but thirty-six years suspended.[3] *Id.* Petitioner's direct appeal of his conviction was denied by the Court of Special Appeals of Maryland in an unreported opinion filed on July 13, 2007. *Id.*, Ex. 1, p. 18. His request for further review in the Court of Appeals of Maryland was denied on September 14, 2007. *See Scott v. State*, 401 Md. 174 (2007). Petitioner did not seek further review in the Supreme Court of the United States (ECF No. 1, p. 3), and his judgment became final on Thursday, December 13, 2007.[4]

On February 10, 2006, while his direct appeal was pending, petitioner filed a motion for modification or reduction of sentence. Docket entries indicate that no action was taken to activate the motion within five years of sentencing; thus, pursuant to Maryland rule,[5] the motion became a nullity on February 8, 2011. ECF No. 6, Ex. 1, p. 12. Petitioner's attempt to revive the motion for reduction of sentence, filed on February 11, 2011, was denied on March 3, 2011. *Id.*, Ex. 1, p. 18.

On October 28, 2008, with just 45 days remaining on his one-year federal limitations period,[6] petitioner initiated post-conviction relief in the Circuit Court for Harford County. *Id.*, Ex. 1, p. 14. Following a hearing, the Circuit Court on August 6, 2010, denied post-conviction relief. *Id.*, Ex. 1, pp. 17-18. Petitioner did not file a timely application for leave to appeal this

---

[3] The combined sentence consisted of five years without parole for illegal possession of a regulated firearm; a consecutive fifteen years for theft of a coin and a handgun; a consecutive one-year sentence for eluding; a consecutive fifteen-year sentence, eight years suspended, for theft of a watch; a consecutive fifteen-year sentence, ten years suspended, for conspiracy to commit theft of the watch; and a consecutive ten-year sentence, seven years suspended, for assault. The conviction for transportation of a handgun was merged at sentencing. ECF No. 6, Ex. 2, pp. 1-2.

[4] *See* Sup. Ct. Rule 13.1 (petition for certiorari to be filed within 90 days of judgment from which appeal is sought).

[5] *See* Md. Rule 4-245 (court may not revise a sentence after the expiration of five years from the date the sentence originally was imposed).

[6] Calendar year 2008 was a "leap year" with 29 days in February.

2

ruling, which became final on Monday, September 6, 2010.[7] The 45 days remaining on petitioner's federal limitations period expired on Thursday, November 18, 2010.

On November 12, 2010, six days before the limitations period expired, petitioner wrote the Circuit Court; his letter was docketed as a request as to the status of his post-conviction hearing. *Id.*, p. 18. Based on the docket, no action appears to have been taken on the letter.

On May 6, 2011, petitioner again wrote the Circuit Court. The docket notation suggests he asked Judge Carr to reissue Judge Marshall's August 6, 2010, Memorandum Opinion and Order denying post-conviction relief, because a notice of appeal had not been timely filed following issuance of the initial decision. *Id.*, p. 18. The Clerk instead construed the correspondence as a motion to reopen post-conviction proceedings. *Id.*, p. 18. Petitioner again wrote Judge Carr requesting reissuance on September 21, 2011, *id.*, p. 19, and motions to reopen post-conviction proceedings were received on October 12, 2011, *id.*, p. 19, and January 12, 2012. *Id.*, p. 20. On March 27, 2012, Chief Judge Peter Krauser of the Maryland Court of Special Appeals denied petitioner's November 18, 2011, application for leave to appeal the Circuit Court's denial of a motion to reopen post-conviction. *Id.*, p. 20-21.

A third motion to reopen post-conviction proceedings received by Judge Marshall on January 12, 2012, was denied on January 20, 2012, *id.*, Ex. 1, p. 20, and leave to appeal was summarily denied by the Court of Special Appeals on April 25, 2013.[8] *Id.*, Ex. 6. A fourth motion to reopen post-conviction proceedings, filed July 3, 2013, remains pending.[9] *Id.*, Ex. 1, p. 21.

---

[7] *See* Md. Rule 8-204(b) (application for leave to appeal must be filed within 30 days after entry of judgment or order from which appeal is sought).

[8] The mandate issued on May 28, 2013. *Id.*, Ex. 6.

[9] Examination of the state docket entries reveals a number of other post-judgment motions, not relevant here, have been filed in the state courts.

3

## Standard of Review

A one-year statute of limitations applies to habeas petitions pursuant to 28 U.S.C. § 2244(d). The one-year period begins to run on the date on which the judgment became final by the conclusion of direct review or (if no appeal is taken) upon the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A). Here, the period began to run on December 13, 2007. At the time petitioner tolled the running of the limitations period by filing his post-conviction petition on October 29, 2008,[10] 45 days remained.

Post-conviction relief was denied on August 6, 2010, and the time to seek leave to appeal the denial of post-conviction relief expired on September 6, 2010. Petitioner wrote the post-conviction court on November 12, 2010 to inquire about the status of the case. It also appears that on April 20, 2011, petitioner advised Harford County Circuit Court Judge Carr that an application for leave to appeal the denial of his post-conviction petition was not done in a timely fashion, and he asked the Circuit Court to reissue its decision. *Id.*, Ex. 1, p. 18.

Petitioner does not argue against Respondents' point that he failed to meet the statutory period for seeking federal habeas corpus relief. Instead, he contends that post-conviction counsel is responsible for failing to seek leave to appeal the denial of post-conviction relief. ECF Nos. 8 and 10. He contends he is entitled to equitable tolling of the limitations period because he attempted to correct the situation by requesting reissuance of the post-conviction decision in order to timely seek leave to appeal the denial of post-conviction relief and – by inference – promptly seek federal habeas corpus relief following a determination of the appellate application.

---

[10] Petitioner's motion for modification of sentence under Maryland Rule 4-345 did not toll the limitations period of § 2244(d). *See Roberts v. Maryland*, Civ. No. JKB-11-1227, 2013 WL 5882786, at *2-4 (D.Md. Oct. 28, 2013); *Tasker v. State*, Civ. No. AW-11-1869, 2013 WL 425040, at *7 (D.Md. Jan. 31, 2013) *aff'd*, 517 F. App'x 172 (4th Cir. 2013) (finding Tasker waived Fourth Circuit review of issue by failing to include it in appellate brief).

Equitable tolling of the limitations period is permitted in limited circumstances. *See* 28 U.S.C. § 2244(d)(2); *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) (one-year limitations period subject to equitable tolling); *see also Wall v. Kholi*, 131 S. Ct. 1278, 1283 (2011). In order to be entitled to equitable tolling, petitioner must establish that either some wrongful conduct by respondents contributed to the delay in filing and completing state post-conviction review, or that circumstances beyond his control caused the delay. *See Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003); *Harris*, 209 F.3d at 328. "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.*

The record suggests that post-conviction counsel failed to file a timely notice of appeal, and that soon after Petitioner became aware of the situation, he sought to correct the deficiency. Had petitioner promptly filed in this court after the initial denial of his request to reissue the post-conviction decision, this argument would hold great weight. Here, however, petitioner repeatedly returned to the state Circuit and appellate courts in what apparently had become a futile effort to reopen post-conviction proceedings and thereafter seek leave to appeal. While this borders on obsession, such persistence does not denote due diligence.

Nothing in the record suggests that misconduct or some extraordinary circumstance prevented petitioner from promptly filing a federal habeas corpus petition once he discovered post-conviction counsel failed to seek leave to appeal the denial of post-conviction relief and after his initial attempt to resolve the situation was rejected by the state courts. Even if this court were to "credit" petitioner to allow tolling until leave to appeal was rejected by the Court of Special Appeals on April 25, 2013, after the denial of the third attempt to reopen post-conviction proceedings, petitioner's federal petition was not signed until July 7, 2013, 73 days later. To the

extent delay in filing a federal petition might be attributed to his lack of understanding of the law, unfamiliarity with the law may not be used to justify equitable tolling. *See United States v. Sosa,* 364 F.3d 507, 512 (4th Cir. 2004).

Petitioner has failed to satisfy his burden to demonstrate that equitable tolling is warranted, and his claims for habeas corpus relief are time-barred. For the reasons stated herein, the court will deny and dismiss the petition. A certificate of appealability will not issue because petitioner has not made a "substantial showing of the denial of a constitutional right."[11]

A separate order follows.

Dec. 18, 2013
Date

James K. Bredar
United States District Judge

---

[11] When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel,* 529 U.S. 473, 484 (2000)). Denial of a certificate of appealability in the district court does not preclude petitioner from requesting a certificate of appealability from the appellate court.